SCOTT E. BRADFORD, OSB #062824
United States Attorney
District of Oregon
**LEWIS S. BURKHART, OSB #082781**
Assistant United States Attorney
Lewis.Burkhart@usdoj.gov
1000 SW Third Avenue, Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

**PORTLAND DIVISION**

**UNITED STATES OF AMERICA**

**v.**

**JENNIFER LYNN HESS,**

**Defendant.**

**3:24-cr-00183-IM**

**GOVERNMENT'S SENTENCING MEMORANDUM**

The defendant resided in a home that was the subject of a search warrant. When law enforcement executed the warrant, the defendant admitted that she attempted to flush fentanyl pills down the toilet after hearing the flash bang deployed by the entry team. The defendant continues to struggle with addiction and is actively working toward sobriety. Considering the circumstances of the offense and her limited culpability, the United States recommends a sentence of two years of probation.

## I. Facts

Investigators from the FBI and the Washington County Sheriff's Office initiated an investigation into a dispatch-style drug trafficking organization operating in Los Angeles, California, and North Plains, Oregon. PSR ¶ 19. On April 29, 2024, they executed a search warrant at a residence and located four individuals living there, including the defendant. PSR ¶ 20.

During the search, investigators recovered distribution-level quantities of fentanyl pills and fentanyl powder in areas associated with the other residents. PSR ¶¶ 21–26. In the defendant's bedroom, agents found fentanyl pills, cocaine, methamphetamine, heroin, and Xanax. PSR ¶ 23. The condition of the bathroom indicated that someone had attempted to flush fentanyl pills down the toilet. PSR ¶ 24. The defendant later admitted that she flushed at least four pills after hearing the flash bang deployed by the entry team. PSR ¶ 27.



## II. Plea Agreement

The defendant was initially charged with possession with intent to distribute controlled substances, maintaining a drug-involved premises and destruction of property intended to prevent seizure. PSR ¶ 2. Based on subsequent negotiations between the United States and the defendant, the government does not believe we could prove beyond a reasonable doubt the possession with intent to distribute, nor the maintaining a drug-involved premises. The parties came to an agreement to have the defendant plead guilty to Misprision of a Felony for her failure to make known the drug trafficking from her house. The defendant pled guilty to Misprision of a Felony on August 6, 2026. PSR ¶ 1.

## III. Guidelines

| **Count 1: 18 U.S.C. § 4 – Misprision of a Felony** | | |
|---|---|---|
| USSG § 2X4.1 | Base Offense Level | 4 |
| USSG § 3E1.1(a) | Acceptance of Responsibility | -2 |
| | **Adjusted Offense Level** | 2 |

## IV. Criminal History

| Crime | Conviction Date | Jurisdiction | Sentence | Criminal History Points |
|---|---|---|---|---|
| Delivery of Heroin | 11/17/2009 | Washington County | 25 months | +3 |
| Delivery of Heroin | 11/14/2013 | Washington County | 36 months | +3 |
| Supplying Contraband | 2/2/2014 | Washington County | 60 days | +2 |

The defendant receives eight criminal history points and is a Criminal History Category IV. (PSR ¶ 52).

## V. Conclusion

The defendant has a longstanding substance use disorder and has repeatedly placed herself in environments that reinforce her drug use. Based on her criminal history and the items recovered from her residence, the United States initially believed the defendant resumed selling drugs to support her addiction. Subsequent investigation, however, indicated that she had allowed others to live in her home who were involved in drug distribution. The defendant's conduct reflects poor decision-making driven by addiction and her failure to set appropriate boundaries as a parent.

The defendant's success on probation will depend on her commitment to substance abuse treatment and sustained sobriety. As demonstrated during her pretrial release, she struggled to remain clean. Avoiding a return to custody will be tied directly to her willingness and ability to address her addiction. While the United States has significant concerns about her capacity to maintain sobriety, she will be afforded the opportunity to comply with the conditions of probation.

The proposed advisory guideline range is 0 months to 6 months. While not bound by the Sentencing Guidelines, district courts must consult the guidelines and take them into account when sentencing. *United States v. Booker,* 543 U.S. 220, 125 S. Ct. 738, 767 (2005). The Sentencing Guidelines are advisory and one of the statutory factors this Court must consider when imposing a sentence. *See* 18 U.S.C. § 3553(a)(4); *United States v. Rita*, 551 U.S. 338, 347-48 (2007). The guidelines serve as "the starting point and the initial benchmark" in every sentencing proceeding and "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Gall v. United States*, 552 U.S. 38, 49 (2007); *Rita*, 551 U.S. at 350. The guidelines serve as a "lodestone" at sentencing, and "cabin" or "anchor" a sentencing court's

discretion. *Peugh v. United States*, 569 U.S. 530, 531 (2013). While advisory, the Supreme Court has observed that, "[c]ommon sense indicates that in general, this system will steer district courts to more within-guidelines sentences." *Id*.

Under the facts of this case, a two-year term of probation, and a $100 special assessment, satisfies the requirement of 18 U.S.C. § 3553(a) as a "sentence sufficient, but not greater than necessary" to meet the purposes of § 3553(a)(2).

Dated: November 4, 2026

Respectfully submitted,

SCOTT E. BRADFORD
United States Attorney

*/s/ Lewis S. Burkhart*
LEWIS S. BURKHART, OSB #082781
Assistant United States Attorney